NOT DESIGNATED FOR PUBLICATION

No. 121,801

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY LORENZO CROWE JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed December 11, 2020.
Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for
appellee.

Before GREEN, P.J., MALONE, J., and MCANANY, S.J.

PER CURIAM: Timothy Lorenzo Crowe Jr. appeals the district court's revocation
of his probation and imposition of a modified six-month jail sentence following his
conviction of felony driving under the influence (DUI). Crowe claims the district court
abused its discretion when it imposed a modified sentence of six months rather than
reducing his sentence to time served and releasing him from probation. Finding no abuse
of discretion, we affirm the district court's judgment.

1

FACTS AND PROCEDURAL HISTORY

On November 20, 2017, in case No. 17CR517, the only case subject to this appeal, Crowe pled no contest to one count of felony DUI in exchange for the dismissal of other charges. When he committed the DUI, Crowe was already on probation in a 2016 DUI case. On March 2, 2018, the district court sentenced Crowe to 12 months in jail but granted probation after he served 90 days. The district court also found that Crowe had violated his probation in the 2016 case. The district court revoked his probation in that case but reinstated it for 12 months to mirror the terms imposed in this case.

On July 4, 2018, Crowe violated the terms of his probation by consuming alcohol. He waived the hearing, admitted the violation, and accepted a two-day jail sanction. On January 28, 2019, Crowe violated the terms of his probation by being removed from "cog class for behavior and attitude." He again waived the hearing, admitted the violation, and accepted a two-day jail sanction.

Over the next seven months, Crowe violated the terms of his probation nine times. On January 27, 2019, April 1, 2019, April 29, 2019, and July 22, 2019, Crowe tested positive for alcohol. On February 25, 2019, he tested positive for cocaine. On February 28, 2019, Crowe was found guilty of domestic battery and transporting an open container. On April 1, 2019, he failed to observe his curfew. On May 1, 2019, Crow was unsuccessfully discharged from outpatient treatment. During this time, Crowe also failed to report to three office visits with his intensive supervision officer (ISO).

On July 30, 2019, Crowe's ISO moved to revoke his probation based on the nine alleged violations. At a hearing on August 5, 2019, Crowe admitted all nine violations. The district court revoked Crowe's probation and imposed a modified sentence of six months in each case to run consecutive to each other. The district court credited 90 days toward his sentence in this case. Crowe timely appealed the probation revocation.

ANALYSIS

On appeal, Crowe claims the district court erred by revoking his probation and imposing a modified six-month sentence. He argues that because he had paid off his restitution, the district court should have simply reduced his sentence to time served and released him from probation. Crowe spends some time in his brief arguing why he should be allowed to make this argument for the first time on appeal, but the State does not assert that the issue is not properly preserved for appeal.

The State argues this case is moot because Crowe has completed his sentence. To support this assertion, the State cites the journal entry of probation revocation which reflects an expected release date of April 21, 2020. But when a party alleges that a change in circumstances has rendered an appeal moot, this court must confirm the change in circumstances. We can confirm such an assertion if the parties agree the change occurred or "the change is so ubiquitous the court may take judicial notice of its happening" as a matter of generalized knowledge. *State v. Yazell*, 311 Kan. 625, 628, 465 P.3d 1147 (2020). Here, the State did not file a notice of change in custodial status as it was "obligated" to do under Supreme Court Rule 2.042 (2020 Kan. S. Ct. R. 18). Thus, the only basis for this court to determine whether Crowe served his sentence is the "expected" release date calculated by the district court when it revoked Crowe's probation. Because nothing in the record confirms the State's assertion, we decline to assume he has completed his sentence.

Instead, we turn to the merits of Crowe's argument that the district court erred by revoking his probation and imposing a modified sentence. This court reviews the district court's decision to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused if the judicial decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018).

The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Crowe does not argue that the district court made an error of law or fact in revoking his probation. He argues only that the district court's decision was unreasonable. We will set forth Crowe's three-sentence argument in his brief verbatim:

> "Here, Mr. Crowe had completed a New Chance program and successfully held a job for a year. Because of that employment, he had been able to pay back $5,000 in restitution and fines. Because of this progress on his probation, notwithstanding the violations, the district court should have reduced Mr. Crowe's sentence and released him with time served."

While we, as the district court did, commend Crowe for paying the restitution and fines, we cannot say the modified sentence the district court imposed was unreasonable. Crowe committed his DUI while he was on probation in another case for DUI. He had two previous probation violations for which he received two-day jail sanctions. He then admitted to nine separate violations, including four alcohol-related violations, one controlled substance violation, and a new crimes violation. The district court gave Crowe many chances to comply with the terms of his probation, but he continued to use alcohol and violate the law. The district court did not abuse its discretion by revoking Crowe's probation and imposing a modified sentence.

As a final note, the State spends the rest of its brief arguing that the district court erred in modifying Crowe's sentence to 6 months rather than imposing the original 12-month sentence. The State contends K.S.A. 2017 Supp. 8-1567(b)(3) does not allow the district court to impose a lesser sentence once probation is revoked in a DUI case. We decline to address this argument because the State's challenge to the district court's authority to impose a modified sentence is the proper subject of a cross-appeal, not a response to Crowe's abuse of discretion argument. See K.S.A. 2019 Supp. 60-2103(h)

4

(requiring an appellee who wants this court to review a decision "of which such appellee complains" to file a cross-appeal); *Lumry v. State*, 305 Kan. 545, 553-54, 385 P.3d 479 (2016) (finding district court's ruling could not be disturbed when appellee failed to cross-appeal).

Affirmed.